LINK: 7
JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-09927 GAF (SHx) | Date | March 2, 2011 |
|---|---|---|---|
| Title | James Keller v. Gaspari Nutrition Inc et al | | |

| Present: The Honorable | **GARY ALLEN FEESS** | | |
|---|---|---|---|
| Renee Fisher | None | | N/A |
| Deputy Clerk | Court Reporter / Recorder | | Tape No. |
| Attorneys Present for Plaintiffs: | | Attorneys Present for Defendants: | |
| None | | None | |

**Proceedings:**     (In Chambers)

<u>**ORDER RE: MOTION TO REMAND**</u>

**I.  INTRODUCTION AND BACKGROUND**

On November 10, 2010, Plaintiff James Keller ("Plaintiff") filed this putative class action against Gaspari Nutrition, Inc. ("GNI" or "the Company") alleging state law causes of action based on GNI's false and misleading advertisement practices with respect to the sale of its sports nutrition product, Novedex XT ("Novedex").  (Docket No. 1, Not. of Removal, Ex. A [Compl. ¶¶ 1, 2].)  Specifically, Plaintiff claims that GNI (1) misrepresented to consumers that Novedex was a "dietary supplement" when in fact this product contained a "non-dietary" ingredient called "3,17-keto-etiocholetriene" ("Keto") and (2) failed to disclose that Keto was associated with several adverse side effects, including infertility, kidney failure, liver dysfunction, decreased rate of bone maturation and growth, aggressive behavior, and adrenal insufficiency.  (<u>Id.</u> ¶¶ 9-13.)  Based on these averments, Plaintiff seeks to represent a class defined as follows:

> All persons residing in the [sic] California who purchased Novedex XT for personal use and not for resale during the time period November 2, 2006 through the present.  Excluded from the Class are Defendants' officers, directors, and employees, and any individuals who received remuneration from the Defendants to act as an endorser of Novedex XT.

(<u>Id.</u> ¶ 25.)

On December 27, 2010, GNI removed the present action to this Court pursuant to 28

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-09927 GAF (SHx) | Date | March 2, 2011 |
|---|---|---|---|
| Title | James Keller v. Gaspari Nutrition Inc et al | | |

U.S.C. § 1446 and the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. § 1332(d). (Not. of Removal ¶¶ 6-8.) Subsequently, on January 31, 2011, Plaintiff filed his First Amended Complaint ("FAC"). Plaintiff now moves to remand and contends that GNI has failed to prove by a preponderance of the evidence that the amount in controversy requirement has been met for jurisdiction under CAFA. (Docket No. 7, Mem. at 1-2.) Because the Court agrees with Plaintiff, the motion to remand is **GRANTED**.

**II. DISCUSSION**

**A. LEGAL STANDARD**

"[A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). The Ninth Circuit "strictly construes the removal statute against removal jurisdiction." Boggs v. Lewis, 863 F.2d 662, 663 (9th Cir. 1988) (citation omitted). As amended by CAFA, 28 U.S.C. § 1332(d) vests district courts with "original jurisdiction of any civil action in which the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs, and is a class action in which . . . any member of a class of plaintiffs is a citizen of a State different from any defendant . . . ." 28 U.S.C. § 1332(d)(2). "In any class action, the claims of the individual class members shall be aggregated to determine whether the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs." 28 U.S.C. § 1332(d)(6). Under CAFA, the burden of establishing removal jurisdiction rests with the party seeking removal. Lowdermilk v. U.S. Bank Nat'l Ass'n, 479 F.3d 994, 997 (9th Cir. 2007) (citations omitted).

Ninth Circuit law identifies three different burdens of proof which may be placed on a removing defendant under varying circumstances. Guglielmino v. McKee Foods Corp., 506 F.3d 696, 699 (9th Cir. 2007). Where the plaintiff fails to plead a specific amount of damages, as in the case at bar, (Not. of Removal ¶ 13), "the defendant seeking removal 'must prove by a preponderance of the evidence that the amount in controversy requirement has been met.'" Id. (citing Abrego Abrego v. The Dow Chemical Co., 443 F.3d 676, 685 (9th Cir. 2006). "Under this burden, the defendant must provide evidence establishing that it is 'more likely than not' that the amount in controversy exceeds [the jurisdictional amount]." Sanchez v. Monumental Life Ins. Co., 102 F.3d 398, 404 (9th Cir. 1996) (citation omitted).[1] The court may consider

---

[1] The Ninth Circuit has "applied the preponderance holding in Sanchez to complaints filed under [CAFA] that do not specify a particular amount in controversy." Guglielmino, 506 F.3d at 699 (citing Abrego Abrego,

LINK: 7

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-09927 GAF (SHx) | Date | March 2, 2011 |
|---|---|---|---|
| Title | James Keller v. Gaspari Nutrition Inc et al | | |

facts presented in the removal petition as well as any "summary-judgment type evidence relevant to the amount in controversy at the time of removal." Singer v. State Farm Mut. Auto. Ins. Co., 116 F.3d 373, 377 (9th Cir. 1997) (quoting Allen v. R & H Oil & Gas Co., 63 F.3d 1326, 1335-36 (5th Cir. 1995)).

**B. APPLICATION**

    **1. AMOUNT IN CONTROVERSY**

In the motion to remand, Plaintiff argues that GNI has failed to adequately prove that the amount in controversy in this case exceeds $5,000,000 because it has only provided an estimate by its owner, Rich Gaspari ("Gaspari"), which Plaintiff contends is pure speculation and conjecture. (Mem. at 5-6.) GNI, on the other hand, claims that because the estimate is based on Gaspari's nine years of experience as the owner of the Company, there is adequate support for his estimate. (Opp. at 1-2, 4-6.)

It is well established under Circuit law that jurisdiction cannot be based on "Defendant's speculation and conjecture." Lowdermilk, 479 F.3d at 1002. In proving the amount in controversy, defendants "may rely on calculations to satisfy their burden so long as their calculations are good faith, reliable estimates based on the pleadings and other evidence in the record." Ellis v. Pacific Bell Tel. Co., 2011 WL 499390, at *2 (C.D. Cal. Feb. 10, 2011) (citing Behrazfar v. Unisys Corp., 687 F. Supp. 2d 999, 1004 (C.D. Cal. 2009)). However, estimates by defendants cannot be based on calculations that are "devoid of any concrete evidence. . . ." See Campbell v. Vitran Express, Inc., 2010 WL 4971944, at *3 (C.D. Cal. Aug. 16, 2010); see also Fletcher v. Toro Co., 2009 U.S. Dist. LEXIS 126693, at *23 (S.D. Cal. Feb. 3, 2009) (holding that defendant did not carry its burden when its calculations lacked evidentiary support). Rather, the removing defendant "must set forth the underlying facts supporting its assertion that the amount in controversy exceeds the statutory minimum." Korn v. Polo Ralph Lauren Corp., 536 F. Supp. 2d 1199, 1205 (E.D. Cal. 2008) (citing Gaus v. Miles, Inc., 980 F.2d 564, 567 (9th Cir. 1992)).

Here, Plaintiff's class consists of individuals residing in California who purchased Novedex from November 2006 to the present. (Compl. ¶ 25.) To calculate whether the amount in controversy exceeds $5,000,000 for the putative class action, Gaspari explained that the Company sold 1,115,000 bottles of the product to distributors and wholesalers during the class

---

443 F.3d at 683).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-09927 GAF (SHx) | Date | March 2, 2011 |
|---|---|---|---|
| Title | James Keller v. Gaspari Nutrition Inc et al | | |

period. (Not. of Removal, Gaspari Decl. ¶¶ 3, 4.) Next, Gaspari provided a "conservative estimate" that about 10 to 12 percent of the total bottles were sold in California. (Id. ¶ 3.) Because 10 percent of the total distribution is 111,500 bottles and each bottle was sold for $54.99, Gaspari states in the declaration that the $5,000,000 amount in controversy figure is clearly established.

The problem with Gaspari's calculations, however, stems from his failure to provide a factual basis for the 10 to 12 percent estimate. As the owner of GNI, Gaspari ought to have specific, detailed data identifying the quantities of goods sold to distributors during the pertinent class period. (Id. ¶¶ 3, 4.) Not so in this case. Gaspari admits in the declaration that he can only *estimate* "where distributors and wholesalers ultimately resell [the] products." (Id. ¶ 3.) While estimates based on "concrete evidence," Campbell, 2010 WL 4971944, at *3, can adequately establish the amount in controversy requirement, here Gaspari failed to provide *any* factual support for his 10 to 12 percent estimate. Merely stating that these percentages were formulated based on personal knowledge and experience is vague and conclusory and does not persuade this Court that the jurisdictional requirement has been established under the "more likely than not" standard.

Moreover, GNI's supplemental declaration also fails to provide a factual basis for Gaspari's amount in controversy estimate. In that declaration Gaspari explains that the estimate is based on his personal knowledge of the market place, which includes nine years of traveling around the country meeting distributors, wholesalers, retailers, and consumers; attending body building shows and competitions; and his experience as a judge for various body building organizations. (Opp., Gaspari Supp. Decl. ¶¶ 2, 3.) The problem with the declaration is that it does not connect up these experiences with his estimate. Judging a body building contest and attending shows does not provide one with concrete calculations regarding distribution figures. Moreover, while associating with wholesalers and distributors could ultimately provide Gaspari with some information related to the distribution of his product, Gaspari does not state with particularity what information he received or how it allowed him to develop his 10 to 12 percent estimate. Because he clearly not does not state that the 10 to 12 percent figure came directly from any distributor who sells in California, the figures appear to be his own creation. (Id. ¶ 2.) Without any other evidence to base his conclusion, the Court concludes that the percentages are conjecture and speculation.[2]

---

[2] Gaspari even tries to connect his 10 to 12 percent figure to statistics compiled by the U.S. Census Bureau, which indicates that Californians constitute 12 percent of the United States population. However, because these statistics are not related to the consuming habits of individuals in any particular state, this figure is irrelevant to the present action. Moreover, Gaspari even admits in the declaration that his estimate was not based

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-09927 GAF (SHx) | Date | March 2, 2011 |
|---|---|---|---|
| Title | James Keller v. Gaspari Nutrition Inc et al | | |

Finally, GNI contends that the amount in controversy requirement is established in this case because the request for attorneys' fees and punitive damages in the FAC "places plaintiff's amount in controversy in excess of $5 million . . . ." (Opp. at 6.)  While it is true that attorneys' fees and punitive damages can be included in the amount in controversy calculations[3], because GNI has failed to provide an adequate estimate of the damages in this case, the Court is unable to determine whether GNI's estimated $875,000 to $1,385,000 in attorneys' fees and "one-to-one ratio of punitive damages to compensatory damages" would place the amount in controversy in excess of $5,000,000.  (Opp. at 6-7); see Lowdermilk, 479 F.3d at 1002 ("Even if we include attorneys' fees in the calculation, Defendant is no closer to carrying its burden because we simply have no basis for estimating the claims of the individual class members.")

Accordingly, because GNI has failed to prove that it is "more likely than not" that the amount in controversy in this action exceeds $5,000,000, the Court holds that it lacks subject matter jurisdiction and **REMANDS** the case back to the Los Angeles County Superior Court.

### 2. PLAINTIFF'S REQUEST FOR ATTORNEY'S FEES

Plaintiff also requests an award of costs and fees associated with this motion to remand.  "Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal.  Conversely, when an objectively reasonable basis exists, fees should be denied."  Martin v. Franklin Capital Corp., 546 U.S. 132, 141 (2005).

Here, the Court declines to award Plaintiff attorney's fees and costs.  Based on the size of the putative class, the price for each bottle of Novedex, and the fact that Gaspari knew that over a million bottles of the product were sold throughout the United States during the class period, (Not. of Removal, Gaspari Decl. ¶¶ 3, 4), it was not objectively unreasonable for GNI to believe that the amount in controversy requirement for CAFA was met in this case.  See Castillo v. Apple Core Enters., Inc., 2009 WL 2849124, at *3 (S.D. Cal. Sept. 1, 2009) (declining to award attorney's fees because "[b]ased on the putative class size and the nature of the claims, it was objectively reasonable for Defendant to seek to invoke federal jurisdiction.")  Moreover, while Gaspari's estimate ultimately failed to prove that it was "more likely than not" that the amount in controversy requirement was satisfied, "removal is not objectively unreasonable solely because

---

on the U.S. Census Bureau's statistics.  (Id. ¶ 5.)

[3] See Lowdermilk, 479 F.3d at 1000 (citing Galt G/S v. JSS Scandinavia, 142 F.3d 1150, 1155-56 (9th Cir. 1998)); see Gibson v. Chrysler Corp., 261 F.3d 927, 945 (9th Cir. 2001) (citations omitted).

LINK: 7

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No. | CV 10-09927 GAF (SHx) | Date | March 2, 2011 |
|---|---|---|---|
| Title | James Keller v. Gaspari Nutrition Inc et al | | |

the removing party's arguments lack merit . . . ."  Lussier v. Dollar Tree Stores, Inc., 518 F.3d 1062, 1065 (9th Cir. 2008).  Thus, the Court **DENIES** Plaintiff's request for fees and costs.

### III.  CONCLUSION

Based on the foregoing, the Court **REMANDS** the present action back to the Los Angeles County Superior Court and **DENIES** Plaintiff's request for attorney's fees.  Accordingly, the hearing presently scheduled for **Monday, March 7, 2011, at 9:30 a.m.** is hereby **VACATED**.

**IT IS SO ORDERED.**